CLEMENTS, administrator, *v.* TERRELL.

No. 6641.    OCTOBER 9, 1928.

*Neufville & Neufville* and *Homer A. Glore,* for plaintiff.

*E. V. Carter,* for defendant.

HINES, J. (After stating the foregoing facts.)

In his petition the plaintiff insists that the persons taking out the policies of insurance involved in this case had no insurable interest in the life of the beneficiary, and that for this reason the beneficiary is not entitled to recover. His counsel in their brief seem to take a contrary position, for they therein assert that "The law covering this case seems to be stated in the case of *Union Fraternal League* v. *Walton,* 109 *Georgia Reports,* page 1" (34 S. E. 317, 46 L. R. A. 424, 77 Am. St. R. 350). They then quote the ruling in that case, which is as follows: "While a valid contract of insurance can not be lawfully taken on the life of another by one who has no insurable interest therein, because it contravenes public policy, yet, as one has an insurable interest in his own life, he may lawfully procure insurance thereon for the benefit of any

other person whose interest he desires to promote." The decision in that case was rendered by the majority of the court, Lumpkin, P. J., dissenting. The question came before this court again in *Ancient Order United Workmen* v. *Brown,* 112 *Ga.* 545 (37 S. E. 890), and the majority of the court announced this principle: "A member of a mutual insurance order may, when acting in good faith, legally designate, as the beneficiary in a certificate of life-insurance issued by the order, one who has no insurable interest in the life of the member, provided there be, at the time the certificate is issued, no restriction in the charter, constitution, or laws of the order, or in the statutes of the State, forbidding the right to appoint such a beneficiary." Lumpkin, P. J., again dissented. As the decisions in these cases were not rendered by full benches, they are not controlling, but only persuasive. In *Quillian* v. *Johnson,* 122 *Ga.* 49, 56 (49 S. E. 801), Mr. Justice Evans seemed to question the correctness of the decisions rendered in these cases. He said: "The decision in neither of these cases was rendered by a full bench. As to the correctness of the doctrine on which these decisions were based, the writer is not committed, nor does he wish to be understood as now expressing any opinion on the subject." In *Rylander* v. *Allen,* 125 *Ga.* 206 (53 S. E. 1032, 6 L. R. A. (N. S.) 128, 5 Ann. Cas. 355), the question arose whether one who procured insurance on his own life could assign the policy to another, who had no insurable interest in the life of the insured. This court held that such an assignment was valid, "provided it was not done by way of cover for a wager policy." The court put its decision upon the ruling in *Union Fraternal League* v. *Walton,* supra; and the decision was by a full bench. That ruling was followed in *National Life Insurance Co.* v. *Beck & Gregg Hardware Co.,* 148 *Ga.* 757 (98 S. E. 266). So it seems that the ruling by the majority of the court in *Union Fraternal League* v. *Walton,* supra, has become the settled law in this State.

In *Chandler* v. *Mutual Life &c. Asso.,* 131 *Ga.* 82, 86 (61 S. E. 1036), this court approved the following charge: "While a valid contract of insurance can not lawfully be taken on the life of another by one who has no insurable interest therein, because it contravenes public policy, yet, as one has an insurable interest in his own life, he may lawfully procure insurance thereon for the benefit of another person whose interest he desires to promote. Such

a contract can not be defeated for want of insurable interest in the beneficiary, when it appears that the person whose life was insured acted for himself in good faith to promote the benefit of the beneficiary in taking out the policy. A contract so entered into is in no sense a wagering or speculative one." If, however, it were an open question, we believe that the principle announced in that case by the majority is fully supported both by good reasoning and by the great weight of authority. "A person may in good faith, and without fraud, collusion, or an intent to enter into a wagering contract, lawfully take out a policy of insurance on his own life and make the same payable to whomsoever he pleases, either himself or his estate or a third person, regardless of whether or not the latter has an insurable interest; insured has an unlimited insurable interest in his own life which is sufficient to support the policy; and, except in some jurisdictions, the transaction is not contrary to statute or public policy." 37 C. J. 389 [§ 53] b. Cooley states the principle thus: "In the case of ordinary life policies, taken out by the person whose life is insured and designating some other person as beneficiary, the insurable interest which such person has in his own life is the basis of the policy, and it is not necessary that the beneficiary should have an insurable interest." 2 Cooley's Briefs on Insurance (2d ed.), 1298. "There can be no doubt that every person has an insurable interest in his own life, and that he may insure it for the benefit of any person whom he sees fit to name as beneficiary." 14 R. C. L. 920, § 97. An examination of the authorities will show that this principle is abundantly supported; and, as we have seen above, it has become well settled as the law of this State. So we fully agree with counsel for the plaintiff that this case is controlled in part by the decision in *Union Fraternal League* v. *Walton,* supra. See the well-considered case of *Grand Lodge* v. *Barnard,* 9 *Ga. App.* 71 (3) (70 S. E. 678).

It is urged by counsel for the beneficiary that she is entitled to recover under this policy, upon the ground that she was the fiancée of the person taking out the insurance on his life in her behalf. As a general rule a man may take out a policy of insurance on his own life and make it payable to one to whom he is engaged to be married. Chisholm *v.* National Capitol Life Insurance Co., 52 Mo. 213 (14 Am. R. 414) ; Opitz *v.* Karel, 118

Wis. 527 (95 N. W. 948, 99 Am. St. R. 1004, 62 L. R. A. 982);
Lemon v. Phœnix Mut. Life Ins. Co., 38 Conn. 294; Kinney v.
Dodd, 41 Ill. App. 49; Johnson v. Van Epps, 14 Ill. App. 201;
Taylor v. Travelers' Ins. Co., 15 Tex. Civ. App. 254 (39 S. W.
185); Alexander v. Parker, 144 Ill. 355 (33 N. E. 183, 19 L. R.
A. 187); Bogart v. Thompson, 53 N. Y. S. 622 (24 Misc. 581);
Harden v. Harden, 191 Ky. 331 (230 S. W. 307, 17 A. L. R. 576);
*Equitable Life Assurance Society* v. *Paterson,* 41 *Ga.* 338 (5 Am.
R. 535); 25 Cyc. 705, g; 14 R. C. L. 921, § 97. "As between a
man and a woman who are engaged to be married, there is such
interest on the part of each in the life of the other as to support
a contract of insurance on the life of one for the benefit of the
other." 37 C. J. 395 [§ 61] cc. But the case can not be dis-
posed of by the application of this principle. It is true that in the
original petition it was alleged that at the time of his death the
insured was engaged to be married to the beneficiary, and that the
marriage was set for January 18, 1926; that about thirty days be-
fore the date agreed on for their marriage the insured made ap-
plication for the policies of insurance involved in this case, which
were issued to him on the .... day of January, 1926; but that
prior to the consummation of the marriage he died on January 20,
1926, from an attack of pneumonia. By an amendment the plain-
tiff struck the allegations touching the engagement and contem-
plated marriage of the deceased and the beneficiary, and in lieu
thereof alleged that upon information and belief no marriage agree-
ment existed between the deceased and the beneficiary. This
amendment was allowed. This being so, the demurrer as amend-
ed admits the allegation that the deceased and the beneficiary were
not engaged to be married. In consequence of this, the principle
above set out is not applicable to this phase of the case. But, as
we have seen, a person can insure his life in favor of one in whom
he has no insurable interest, and such insurance is valid and bind-
ing. So, if the beneficiary was not the fiancée of the deceased,
she still comes within the principle that a person can insure his
own life in favor of another in whom he has no insurable interest.

■ Furthermore, the question of lack of insurable interest can
be raised only by the insurer. No one but the company issuing
the policy of insurance can raise the question of insurable interest.
It can not be raised by an adverse claimant of the fund. The in-

surer can waive the ineligibility of the beneficiary. In *Shinholser* v. *Henry*, 151 *Ga.* 237 (106 S. E. 719), this court held that "The objection that the beneficiary named in a certificate issued by a fraternal beneficiary order was ineligible under its by-laws can be raised only by the order itself; and an admission of liability on the part of the order, and payment of the fund into court, is a waiver of any objection to the beneficiary." This principle is applicable to policies of life insurance issued by other insurance companies. "Want of insurable interest is available only to the insurance company." 32 C. J. 1112 [§ 206] d. It follows that the plaintiff in this case can not question the eligibility of the beneficiary named as such in the policies.

■ But it is further insisted by counsel for the plaintiff that under the other allegations of the petition the beneficiary is not entitled to the fund arising from these policies of insurance. In both policies of insurance the beneficiary was named as "Mattie H. Clements, wife." It is urged that the intention of the deceased was that this insurance should be paid to the beneficiary after she became his wife; and that as no such relation was ever established, the named beneficiary is not entitled to receive the fund arising from these policies. If the insurance had been made payable generally to the wife of the insured, under that general designation no one would be entitled to the insurance except his wife; but where the designation of the beneficiary as the wife of the insured is descriptive only, she being named, it is immaterial whether she is his lawful wife, or even though another person is his lawful wife, or even though he is only engaged to the person named and designated as his wife, or even though he was not even engaged to the beneficiary. 37 C. J. 567 [§ 326] (4). In Storey v. Williamsburgh Masonic M. B. Asso., 95 N. Y. 474, it was held that it was not a good defense to an action upon a benefit certificate that the plaintiff was not the lawful wife of the insured, as he had, when they married, another wife living. The court said that this was immaterial; and that the by-law of the association, which provided that upon the death of a member a sum specified should be paid to his widow, "did not limit the power of the company so as to prevent it from recognizing as the beneficiary a person designated by a member as his wife; that the certificate operated as an asset upon the part of the defendant to such a designation of

the plaintiff, and entitled her upon the death of" the insured, "in the absence of any other appointment to or any repudiation of the arrangement by either of the parties, to demand and receive the fund." In Tepper v. New York Life Ins. Co., 151 N. Y. S. 1049 (89 Misc. 224), the Supreme Court of New York held that "Where insured, who was engaged to marry Fannie T., changed his policy to designate ' Fannie, wife,' as beneficiary, there was a sufficient designation of Fannie T. as beneficiary; she being unquestionably identified as the person intended to be designated."

In Doney v. Equitable Life Assur. Soc., 97 N. J. L. 393 (117 Atl. 618), the Supreme Court of New Jersey held that "When the beneficiary in a life insurance policy is pointed out by name, and the word ' wife ' is added as an appositive, the party named is entitled as beneficiary, even if not in fact the wife of assured, and although he was married to another woman. The word ' wife ' held a mere descriptio personæ." The designation of a named beneficiary as "wife" was not a warranty, but a mere description of the person. Lampkin v. Travelers' Ins. Co., 11 Colo. App. 249 (52 Pac. 1040). Where a husband, whose name was Thompson, abandoned his wife whose name was Eliza Jane Thompson, but thereafter promised to marry one whose christian name was Emma L., and obtained a policy of insurance on his life, made payable to his fiancée as "Mrs. Emma L. Thompson, wife," the court held, that, in view of the difference in names, and of his engagement to marry the beneficiary, it was the manifest intention of the insured to name his fiancée and not his wife as the beneficiary. Bogart v. Thompson, supra. The allusion to a beneficiary in the certificate as the member's wife was mere descriptio personæ, and not a warranty to the order that she was a lawful wife, and she could recover on the certificate though another was the member's lawful wife. Slaughter v. Slaughter, 186 Ala. 302 (65 So. 348). While the name of the beneficiary was Mattie Hammond Terrell, and while the beneficiary in this policy is designated as "Mattie H. Clements, wife," the identification of the former as the person designated as beneficiary is not disputed. In fact the petition alleges that Mattie Hammond Terrell is the person designated as the beneficiary. As the designation of the beneficiary as the wife of the insured is merely descriptive, and not a warranty that she was his wife, we can not hold that it was the intention of the

insured to make the funds arising from the policies of insurance payable to a person who was in fact his wife at the time of his death.

■ But it is alleged that these policies were group policies, taken out by the employer of the insured in behalf of his employees; that the insured was not responsible for the naming of the beneficiary therein; that at the time of the death of the insured the policies had not been furnished to him; that he had no knowledge of who had been named beneficiary therein; that the naming of "Mattie H. Clements, wife," was a mistake; that it should have been Mrs. Gordon Guess Clements or his estate; that the insured, up to a short time before his death, was a married man, which fact was well known to his employer, who procured such insurance to comply with the workmen's compensation act; that his wife was divorced from him a short time before his death, of which fact his employer was not advised; that at the time the deceased signed the application for insurance the same was executed in blank, and was later filled out by his employer; that the naming of the beneficiary in said policies was not at the instance of the deceased, nor was the same ratified or accepted by him, plaintiff alleging that in consequence of these facts the naming of the beneficiary in these policies was a mistake and was the result of a crude joke by one of the employees of the company taking out the insurance; that it was not the purpose of the deceased to have Mattie Hammond Terrell named as beneficiary; that she was not his wife; and that he had no intention of marrying her. Construing his petition most strongly against the plaintiff, we do not think that these facts show a mistake in the naming of Mattie Hammond Terrell as the beneficiary in these policies. The policies were taken out by the employer of the insured. The petition alleges the employer knew that the insured was a married man, and that his wife was Mrs. Gordon Guess Clements. It is not alleged that the employer did not know her name. It is alleged that the application for insurance was executed in blank, and was later filled out by the employer. It further appears that this wife was divorced a short time before the death of the insured. The policies were issued on December 31, 1925. The insured died on January 20, 1926. It does not appear that the wife of the insured was not divorced at the time the policies were issued. It was not

alleged that the insured intended to have his wife named as the beneficiary under these policies. Furthermore, if such was his purpose, the plaintiff would have no standing in court. At most, we have a case where the employer procured this group insurance which covered the life of the insured, and that the employer inserted the name of the beneficiary in the application which had been signed by the insured with a blank for the insertion of the name of the beneficiary. It does not appear that the employer in filling out this blank intended to insert the name of any other person or the estate of the insured as the beneficiary. It does not appear that the insured had requested his employer to insert the name of any one as the beneficiary in these policies. If the employer had intended to insert the name of a different beneficiary, and by some mistake had inserted the name of Mattie Hammond Terrell as beneficiary, there might be some ground for the assertion that there was a mistake in the designation of the beneficiary. It does not appear that the employer knew that the insured did not wish Mattie Hammond Terrell named as the beneficiary in these policies, and that in disregard of his wish the employer named another beneficiary. So, at most, we have a state of facts which tend to show that the transaction was a wagering one; but, as we have seen, no one can take advantage of this situation except the insurer. We can not hold that the plaintiff makes such a case as to mistake as would defeat the right of the named beneficiary to recover on these policies.

*Judgment affirmed. All the Justices concur.*