ÆTNA LIFE INSURANCE CO. *v.* SOWER.

1. INSURANCE—GROUP LIFE INSURANCE—BENEFICIARIES—EVIDENCE.
    On group life insurer's bill interpleading claimants to fund, decree for woman who had not been divorced from her husband but with whom insured was living at time of death *held,* justified under evidence, as against claim by one from whom insured had been divorced.

2. SAME—DESIGNATION AS WIFE—EVIDENCE.
    Designation of beneficiary as wife on application for group life insurance *held,* not conclusive as to either claimant interpleaded by insurer, where neither claimant was insured's wife.

Appeal from Wayne; Hunt (Ormond F.), J. Submitted October 17, 1935. (Docket No. 109, Calendar No. 38,630.) Decided November 12, 1935.

Bill of interpleader by Ætna Life Insurance Company, a Connecticut corporation, against Amelia Sower and Pauline (Amelia) Fitz to determine beneficiary of group life insurance policy. Cross-bills by defendants against each other. Decree for defendant Sower. Defendant Fitz appeals. Affirmed.

*Ray F. Richards,* for appellant.

*Ira F. Morgan,* for appellee.

FEAD, J. Plaintiff filed interpleader to determine which defendant is entitled to the proceeds of an insurance policy.

Alexander Fitz was married to Pauline in 1904. They had a large family. Trouble arose in 1928

and a property settlement agreement was made. In 1930 Alexander filed bill for divorce. Decree with alimony was granted Pauline in 1932 on cross-bill.

Alexander had been an employee of the Packard Motor Car Company. His employee's insurance certificate, dated December 1, 1930, shows change of beneficiary from Pauline Fitz, wife, to "Amelia Sower, friend." After the separation he lived at the Sower home. Mr. Sower had deserted his wife and they were not divorced. Nevertheless, there was testimony that Fitz and Mrs. Sower were engaged to be married and were cohabiting, although they did not hold themselves out to the public as husband and wife.

July 31, 1933, Fitz was re-employed by the Packard Motor Car Company and made application for employee's insurance, designating his beneficiary as "Amelia, related to me as wife." He died September 9, 1933, in a hospital.

Pauline claims her name is "Pauline Amelia." There was testimony that Alexander had often called her Amelia and that he told his daughters before his death that the insurance was payable to their mother. Mrs. Sower presented testimony that she and Alexander were engaged, would be married as soon as she could get her divorce, for which he was to pay, and that he told several parties his insurance was payable to her.

The question is one of fact. The designation of the beneficiary as his wife has no conclusive force as neither claimant was his wife.

Pauline's right to the name of "Amelia" rested wholly in oral testimony. She herself did not testify that Alexander called or knew her by the name although other members of the family testified that

he called her "Amelia." In the property settlement, birth certificates of their children, divorce papers, insurance papers and deeds she was called "Pauline," or, in one instance, "Lena," and the name "Amelia" does not appear. She produced no record or written evidence whatever of the right to the name, except that on the local record of an insurance agent, not shown to have been known to Alexander, the name of "Amelia" appears, and Pauline was paid insurance. Of persuasive force is the record of admission of Fitz to the hospital, prepared upon information given by him. He gave as his address the home of Amelia Sower and named as his nearest relative "Amelia," bearing relationship of wife, and with the same address.

The case originally was submitted to a circuit court commissioner, who found and reported in favor of Pauline. The circuit judge gave decree for Amelia Sower. We think the record and written evidence, with Pauline's failure to show such right to the name or designation by Alexander, leaves no alternative to affirming the decree.

Affirmed, with costs.

Potter, C. J., and North, Wiest, Butzel, Bushnell, and Edward M. Sharpe, JJ., concurred. Nelson Sharpe, J., did not sit.