HOWARD v. CHRYSLER CORPORATION.

1. INSURANCE—APPLICATION—GROUP POLICY—EVIDENCE.
Alleged application for insurance under group policy, not signed by insured nor naming amount of insurance and of which neither employer nor insurer had records *held*, a mere scrap of paper insufficient for insured's widow to base claim for insurance from insurer after latter had paid face amount of policies to woman with whom insured was living and who claimed death benefit as his wife.

2. TRIAL—SCINTILLA OF EVIDENCE—QUESTION FOR JURY.
Absence of a scintilla of evidence as to an essential fact justifies withdrawal of a case from consideration by jury, whereas weight of evidence having a legal tendency to make out a proper case in all its parts, although slight, inconclusive and far from satisfactory, should be considered by the jury.

3. INSURANCE — GROUP POLICY — BENEFICIARIES—DISCHARGE—PARTIES.
Under a group policy of insurance failing to name plaintiff, insured's widow, as beneficiary, she is not entitled to maintain action of assumpsit for death benefit, even though payment to her might perhaps have been a discharge of the contract, the personal representative of deceased insured being proper party plaintiff in such an action.

4. SAME—GROUP POLICY—BENEFICIARIES—WIFE.

    Under a group life insurance policy designating woman with whom insured was living as beneficiary fact that she was not his wife *held,* not to prevent her from being beneficiary under policy, term *wife,* under such circumstances, being descriptive only and not a warranty that beneficiary named was in fact insured's wife.

Appeal from Wayne; Warner (Glenn E.), J., presiding. Submitted January 15, 1936. (Docket No. 81, Calendar No. 38,656.) Decided June 11, 1936.

Assumpsit by Roxie Howard against Chrysler Corporation, successor to Dodge Brothers, and Ætna Life Insurance Company, foreign corporations, for sums due under group life insurance policies. Verdict for plaintiff. Judgment for defendants *non obstante veredicto.* Plaintiff appeals. Affirmed.

*Roxborough & Taliaferro (Robert J. Evans,* of counsel), for plaintiff.

*Butzel, Eaman, Long, Gust & Bills (Harry F. Moll,* of counsel), for defendants.

EDWARD M. SHARPE, J.   Plaintiff, Roxie Howard, was married to Henry Howard in Tennessee during the year 1917 and in 1920 or 1921 moved to Detroit. In April, 1923, Henry Howard entered the employ of Dodge Brothers and remained in its employ and that of its successor, the Chrysler Corporation, until his death February 19, 1928.

In 1914 Dodge Brothers entered into an agreement with the Ætna Life Insurance Company whereby Dodge Brothers carried group insurance for the benefit of its employees under what was known as master policy No. 40. Under this policy

the employer paid the premiums without any contributions from its employees and the employee could, if he chose, designate a beneficiary subject to the approval of his employer. If no choice was made the beneficiary was determined by the following clause of the policy:

"Payable to Dodge Brothers, employer: said employer after reimbursing itself for any cash advances made by said employer to or for the insured as shown by its books or records, or for any promissory notes of the insured in favor of the employer, or for any bills paid by said employer either before or after the death of the insured for medical attention to the insured and funeral and burial expenses, shall pay the balance, if any, to the beneficiary or beneficiaries especially designated by the insured, approved by the employer, and filed at the home office of the company. If no beneficiary is so designated, or if no such especially designated beneficiary survives the insured, said employer shall pay said balance, if any, to any one or several or all of the following beneficiaries: wife, husband, child or children, father, mother, brother or sister of the insured, or to the estate of the insured. Payment by the company to the employer shall be in full satisfaction of every obligation of said company."

In July, 1923, Henry Howard became insured under master policy No. 40 in the amount of $250 and the amount of the policy was increased at the rate of $250 a year until at the time of his death it amounted to $1,250.

In the latter part of the year 1925, Dodge Brothers offered to its employees another kind of insurance for which the employee contributed to the payment of the premiums and on October 13, 1925, the deceased took out such a policy under the so-called master policy No. 40-S. Under this policy, application cards were issued to the employees on

which a space was provided where the employee could, if he chose, designate the beneficiary to whom the insurance was to be paid in the event of his death. If no beneficiary was designated, the determination of the beneficiary was provided for as in master policy No. 40. Under this policy the deceased was insured for $1,000.

It appears from the records that for a year or more prior to the death of Henry Howard, Roxie Howard, plaintiff herein, had been residing in Chicago and did not learn of. the death of her husband until about five weeks after its occurrence when she came to Detroit and made claim to the insurance money. It also appears that shortly after plaintiff left for Chicago, deceased and one Emma Whitfield began living together as husband and wife. The records of the defendant company show that "Emma Howard—Wife" was designated as beneficiary of the insurance issued to Henry Howard under master policy No. 40-S.

Shortly after the death of Henry, Emma Howard made claim for the insurance, informed the defendant company that she was the wife of deceased, and was advanced $750 for funeral expenses. On March 23, 1928, Emma Howard was paid $1,502.99, the balance due from the two policies.

In February, 1933, plaintiff filed suit and subsequently the cause was tried before a jury which rendered a verdict in favor of plaintiff. Upon motion this verdict was set aside by the court and a judgment entered in favor of the defendants upon the theory that there was no evidence that plaintiff was a beneficiary under policy No. 40 or designated as such by the insured, approved by the employer and filed at the home office of the insurance company.

In this cause the only evidence which counsel for the plaintiff presented to show that she was designated a beneficiary under group policy No. 40 was exhibit No. 8 which is an individual application form used by the employees of the Dodge Brothers in applying for insurance. It has on it the date May 10, 1923, and it is claimed by defendants that this form of application was not in use in May, 1923, but came into existence in connection with group policy No. 40-S taken out by the company in October, 1925. The application form does not bear the signature of Henry Howard, no amount of insurance is applied for, nor is there any evidence that this alleged application or a copy thereof was ever filed with Dodge Brothers or the insurance company.

The failure of Henry Howard to sign the application, his failure to name the amount of insurance, together with the fact that the employer and the insurance company have no records of this alleged application makes the exhibit a mere "scrap of paper" and as such is not evidence upon which a claim for insurance could be based. The denial of its admission in evidence does not conflict with the rule laid down in *Conely* v. *McDonald,* 40 Mich. 150, 158, where the court said:

"Where there is a total defect of evidence as to any essential fact, or a spark, the least particle, a scintilla as it is termed, the case should be withdrawn from the consideration of the jury. Where, however, the evidence introduced has a legal tendency to make out a proper case in all its parts, then, although it may in the opinion of the trial court or the appellate court be slight, inconclusive, and far from satisfactory, yet it should be submitted to the jury, whose proper province it is to consider and determine its tendency and weight."

Having determined that no beneficiary was named for the insurance under group policy No. 40, the plaintiff as the widow of Henry Howard is not entitled to maintain this cause. Such an action must be instituted by the personal representative of the deceased. In *Lewis* v. *Metropolitan Life Ins. Co.,* 178 Mass. 52 (59 N. E. 439, 86 Am. St. Rep. 463), the court said:

"The plaintiff had no rights under the policy sued on by him * * * Under the clause authorizing the company to pay this sum to 'any relative by blood or connection by marriage of the insured, or to any other person appearing to said company to be equitably entitled to the same by reason of having incurred expense on behalf of the insured, or for his or her burial,' a payment to the plaintiff might perhaps have been a discharge of the contract, *Metropolitan Life Ins. Co.* v. *Schaffer,* 21 Vroom (50 N. J. Law), 72 (11 Atl. 154), but that clause does not entitle one to whom such a payment might have been made, but who is not named as the beneficiary of the policy, or otherwise designated as the person who is to receive the sum to be paid, to enforce payment of the sum due under it. Such a suit can be maintained only by the executor or administrator of the insured with whom the contract was made. *McCarthy* v. *Metropolitan Life Ins. Co.,* 162 Mass. 254 (38 N. E. 435)."

Under group policy No. 40-S "Emma Howard—Wife" is named as beneficiary. The fact that she was not his legal wife does not prevent her from being the beneficiary under this policy. The general rule is that the word *wife* is descriptive only and not a warranty that the beneficiary named is, in fact, the wife of the insured. See *Doney* v. *Equitable Life Assurance Society,* 97 N. J. Law, 393 (117

Atl. 618), and *Clements* v. *Terrell*, 167 Ga. 237 (145 S. E. 78, 60 A. L. R. 969).

The judgment of the trial court is affirmed, with costs to defendants.

NORTH, C. J., and FEAD, WIEST, BUTZEL, BUSHNELL, and TOY, JJ., concurred. POTTER, J., took no part in this decision.