### CHRYSLER CORP. v. GUTT.

INSURANCE—GROUP POLICY—DESIGNATION OF BENEFICIARY—WIFE. .
On bill of interpleader by employer under group insurance policy in application for which deceased insured, Leo Gutowski, had designated beneficiary as ''Ann Gutowski'' at a certain address and described her as ''wife,'' defendant Ann, his mother, *held,* entitled to insurance fund, where she lived at such address with insured, although she had remarried and insured's wife from whom he had been divorced had been christened ''Maryanna,'' had also remarried, and had never lived at the address given, the term ''wife'' being descriptive and not a warranty that the beneficiary named is, in fact, the wife of the insured.

Appeal from Wayne; Moll (Lester S.), J. Submitted April 18, 1940. (Docket No. 4, Calendar No. 40,951.) Decided June 3, 1940.

Bill of interpleader by Chrysler Corporation, a foreign corporation, against Mary Gutt (Gutowski) and Ann Gutowski to establish beneficiary of a life insurance policy. Cross bills by defendants to establish their claims as beneficiaries. Decree for defendant Ann Gutowski. Defendant Mary Gutt (Gutowski) appeals. Affirmed.

*Kanar & Letzring,* for defendant Ann Gutowski.

*Roman V. Ceglowski,* for defendant Mary Gutt (Gutowski).

BUSHNELL, C. J. Leo J. Gutowski, also known as Leo J. Gutt, was employed by plaintiff Chrysler Corporation at various times from 1929 to 1938. When employed, he applied for and was covered by a group

insurance policy in which Mary, his wife, was his beneficiary. Each insurance coverage was cancelled when his employment was terminated. On September 14, 1938, he again applied for group insurance, gave his name as L. Gutowski, and named as his beneficiary "Ann Gutowski 12110 Klinger Htk." (Hamtramck). In the space provided for the designation of the relationship of the beneficiary there appears in writing the word "Wife."

Gutowski died on October 11, 1938, and both Ann Gutowski and Mary Gutt (Gutowski) claimed to be entitled to payment as beneficiary. Chrysler Corporation filed a bill of interpleader and paid the amount involved, $2,650, into court. The trial court held that Ann Gutowski was entitled to the money.

Mary Gutt (Gutowski) was married to Leo on February 4, 1929. Leo and Mary were divorced on May 6, 1935, and she married Alex Radtke on August 29, 1936. She never lived at 12110 Klinger. Ann Gutowski, the mother of Leo, has lived continuously at the Klinger address for about 14 years. She married Chester Novogorski about 15 years ago. Mary Gutowski testified that she was never called "Ann" but was christened "Maryanna," and that "Maryanna" is Polish for "Mary." The trial judge said in part:

"Having assumed the name of Gutowski himself, it is not fatal to the intent of insured that he designated his mother as Ann Gutowski rather than Ann Novogorski. It is apparent to me that he had in mind Ann rather than Mary. His mother was the only Ann within his contemplation. It is my opinion that the naming of the beneficiary as indicated controls, rather than the designation of 'wife.' See *Aetna Life Ins. Co.* v. *Sower,* 273 Mich. 423; and *Howard* v. *Chrysler Corporation,* 275 Mich. 706. See, also, *Clements* v. *Terrell,* 167 Ga. 237 (145 S. E. 78, 60 A. L. R. 969)."

The authorities cited by the trial judge are controlling and the following from *Howard* v. *Chrysler Corporation, supra,* is decisive:

"Under group policy No. 40–S 'Emma Howard—Wife' is named as beneficiary. The fact that she was not his legal wife does not prevent her from being the beneficiary under this policy. The general rule is that the word *wife* is descriptive only and not a warranty that the beneficiary named is, in fact, the wife of the insured. See *Doney* v. *Equitable Life Assurance Society,* 97 N. J. Law, 393 (117 Atl. 618), and *Clements* v. *Terrell,* 167 Ga. 237 (145 S. E. 78, 60 A. L. R. 969)."

The decree of the trial court is affirmed, with costs to appellee.

SHARPE, POTTER, CHANDLER, NORTH, McALLISTER, WIEST, and BUTZEL, JJ., concurred.