ESTER v. PRUDENTIAL INSURANCE COMPANY OF AMERICA.

1. INSURANCE—GROUP POLICY—DESIGNATION OF BENEFICIARY.
    The designation of a beneficiary under a group life insurance policy as the wife of the insured is descriptive only and not a warranty that such relation does, in fact, exist, nor does it prevent one not the wife of insured from being the beneficiary of the insured at the time of his death even though he has married another woman, reference to relationship or status being merely *descriptio personae.*

2. SAME—CHANGE OF BENEFICIARY—UNEXECUTED INTENTION.
    An unexecuted intention of the insured to change a beneficiary will not be sufficient to effect such a change.

3. SAME—GROUP POLICY—CHANGE OF BENEFICIARY.
    Under certificate of participation issued insured employee under group life insurance policy, in which it was provided that the beneficiary might be changed by notifying the employer and that such change would be effective when due acknowledgment thereof was furnished insured, the insured's destruction of the policy without notice having been given the employer pursuant to the policy was insufficient to effect a change from party named as beneficiary; hence action of insurer in making payment to named beneficiary was within its legal rights.

WIEST, J., dissenting.

Appeal from Wayne; Miller (Guy A.), J. Submitted April 15, 1941. (Docket No. 64, Calendar No. 41,552.) Decided June 30, 1941.

Assumpsit by Catherine Ester, administratrix of the estate of Robert Alexander, deceased, against the Prudential Insurance Company of America, a New Jersey corporation, for life insurance proceeds. Directed verdict and judgment for plaintiff. Defendant appeals. Reversed, without a new trial.

*Frank P. Darin* and *Frank L. Amprim,* for plaintiff.

*Paul Oren* (*Richard Cross,* of counsel), for defendant.

WIEST, J. (*dissenting*). Robert Alexander, 23 years of age and unmarried, was in the employ of the Great Lakes Steel Corporation, with $2,000 life insurance under a group policy of the Prudential Insurance Company of America, with "Rita Alexander, wife" of said employee, designated by him as beneficiary, and received a certificate of participation to such effect, issued in October, 1936.

There was no such person as Rita Alexander, wife of the insured, but there was a Rita Sutherland with whom Robert contemplated marriage, but this was not consummated and in May, 1937, he married Eileen Zurn.

July 5, 1937, Robert Alexander was killed in an automobile accident and July 7, 1937, Rita Sutherland, accompanied by the father of Robert, went to

the office of the Great Lakes Steel Corporation and there Mr. Alexander presented Rita Sutherland as Robert's widow.

On the representation of Rita that Robert's certificate of participation had been accidentally destroyed, a duplicate policy for the Prudential Insurance Company records was made and Rita was given a draft for $2,000 on the insurance company, payable to "Rita Alexander, beneficiary," and she signed a full payment receipt as "Rita Alexander, widow," indorsed the draft "Rita Alexander" and deposited it in the Wyandotte Savings Bank to the account of Milton and Lottie Alexander, parents of Robert, and it was paid by the insurance company.

Thereafter Eileen Alexander, by next friend, brought action against the insurance company to recover the insurance.

The insurance company's motions to dismiss were denied and denial affirmed by this court. *Alexander v. Prudential Insurance Company of America,* 293 Mich. 522. This left the action to be tried in the circuit court.

In January, 1939, Catherine Ester, administratrix of the estate of Robert Alexander, deceased, brought suit against defendant insurance company to recover the insurance in behalf of the estate. Issues were joined in that case. For the purposes of the hearing the two cases were consolidated and proofs taken. The court found the defendant not liable to Eileen Alexander but liable to the amount of the insurance to the estate of Robert Alexander, deceased. Eileen Alexander has not appealed.

The insurance company appeals, claiming that Rita Sutherland was the true beneficiary, without actually becoming the wife of Robert Alexander, and the change of purpose, if any, by the insured constituting another his wife, not having been in

any way brought to the attention of the insurance company, the designated beneficiary was properly paid.

Plaintiff estate claims no beneficiary was designated.

Under the mentioned circumstances the judgment in behalf of the estate should be affirmed, with costs against defendant.

Sharpe, C. J.    Robert Alexander was employed by the Great Lakes Steel Corporation until June 17, 1937.    He was killed in an automobile accident on July 5, 1937.    At the time of his death, he was insured under a group insurance policy No. G3706 in which the Prudential Insurance Company of America was insurer.    His participation in the above policy was evidenced by certificate of participation No. 6620.    This certificate provided for payment of $2,000 upon his death to "Beneficiary—Rita Alexander, wife of said employee."

The record in this case establishes the following facts: that Rita Alexander was not the wife of Robert Alexander at the time the certificate was issued or at the time of his death; that after the certificate was issued, Robert Alexander legally married Eileen Zurn; and that subsequent to this marriage, Robert and wife discussed the advisability of changing the beneficiary named and as a result the policy was torn up, but no other steps were taken to have a new beneficiary named.

The certificate of participation provided:

"(The Beneficiary may be changed in accordance with the terms of the Policy by said employee at any time while the insurance on his or her life is in force by notifying the company through the employer.    Such change shall take effect when due acknowledgment thereof is furnished by the com-

pany to such person insured and all rights of his or her former beneficiary or beneficiaries shall thereupon cease.)''

The first question that arises in this case is the right of Robert Alexander to designate Rita Alexander as beneficiary.

In *Aetna Life Ins. Co.* v. *Sower*, 273 Mich. 423, we said:

"The designation of the beneficiary as his wife has no conclusive force as neither claimant was his wife."

In *Howard* v. *Chrysler Corporation*, 275 Mich. 706, we said:

"Under group policy No. 40-S 'Emma Howard— Wife' is named as beneficiary. The fact that she was not his legal wife does not prevent her from being the beneficiary under this policy. The general rule is that the word *wife* is descriptive only and not a warranty that the beneficiary named is, in fact, the wife of the insured. See *Doney* v. *Equitable Life Assurance Society*, 97 N. J. Law, 393 (117 Atl. 618), and *Clements* v. *Terrell*, 167 Ga. 237 (145 S. E. 78, 60 A. L. R. 969)."

See, also, *Metropolitan Life Ins. Co.* v. *Gray*, 290 Mich. 219; *Chrysler Corp.* v. *Gutt*, 293 Mich. 420.

Under the above authority the rule is well established that in language designating a beneficiary of insurance, reference to relationship or status is mere *descriptio personae*. It follows that Robert Alexander had a legal right to name Rita Alexander as his beneficiary, even though she never became his wife.

The next question may be stated as follows: Was the beneficiary changed in accordance with the terms of the insurance contract? The general rule is that an unexecuted intention of the insured to change a beneficiary will not be sufficient.

In *Ancient Order of Gleaners* v. *Bury,* 165 Mich. 1, 4 (34 L. R. A. [N. S.] 277), the policy of insurance, as to change of beneficiary, provided:

"No certificate can be transferred by a member to any person other than provided in article 1 (c), and no transfer of a certificate will be binding on the order unless consent thereto is given by the supreme secretary. In case a member desires to change the beneficiary named in his or her certificate, he or she shall make a written request therefor and deliver same, with the certificate fee of twenty-five cents, to the secretary of his or her arbor, who will forward the same to the supreme secretary, who will thereupon, if found to be made payable as hereinbefore provided, issue a new certificate bearing the same number as the one surrendered."

In this case the consent of the supreme secretary was never given to the transfer, nor was the certificate fee of 25 cents delivered to the secretary of the local arbor. We there said:

" 'When a mutual benefit society has, under the powers and within the limits of its charter, provided in its bylaws a particular method of changing a beneficiary, or has set forth in its certificate a way by which the change may be made, no change of beneficiary may be made in any other mode or manner. The reason for this rule is not difficult to discover. It is based upon the familiar maxim that the expression of one thing excludes other and different things. When a society frames a set of rules providing for the distribution of a fund, and for the rights of beneficiaries and members, it must be assumed that it excludes every other mode and manner. Any other conclusion would lead to the most interminable confusion in the law applicable to the distribution of insurance money, and fritter away, in the expenses of uncertain litigation, funds created for the benefit of widows, orphans, and heirs. But

there is still another reason. It cannot be said that
a beneficiary named in a certificate has no rights
therein because he has no vested rights. The bene-
ficiary has a right to the proceeds of the certificate
of insurance, subject to the right of the member to
change the beneficiary according to the terms of the
bylaws and regulations of the society, which are a
part of the contract of insurance; and the right of
the beneficiary to have this contract carried out
in the manner provided for is as binding upon the
member as his right to change the beneficiary is
binding upon the beneficiary and the society.' Nib-
lack on Insurance, pp. 415, 416.

"The case of *Fink* v. *Fink,* 171 N. Y. 616 (64 N. E.
506), would seem to be quite in point. We quote
from the opinion:

" 'The change of the beneficiary is an important
matter, for it transfers the right to receive the
death benefit, amounting in this case to $1,000, from
one person to another. The right of the member to
make the change is absolute and the beneficiary can
neither prevent it by objecting, nor promote it by
consenting. Obviously such a transaction requires
some formalities for the protection of the company,
the member, and the beneficiary. The formalities
required by the association before us, through its
bylaws, were very simple, but unless they were sub-
stantially complied with, the change could not be
made. Mere intention to make a change is not
enough, for the acts prescribed to carry the inten-
tion into effect are forms imposed upon the execu-
tion of a power, and they must be observed or the
change cannot be effected. As a condition precedent
to effectuate the change, the member was required
to ask the association for a new certificate and to
pay it the fee exacted by the bylaws. The associa-
tion could not make the change unless he requested
it, and even then, as it stipulated in its contract
with him, "only on the payment of twenty-five
cents." While it could have waived payment during
his life, it did not do so and it could waive nothing

after his death, for by that event the rights of the beneficiary became fixed and unalterable.' "

In the case of *Aetna Life Ins. Co.* v. *Mallory,* 291 Mich. 701, the insured attempted to change the beneficiary named in the policy by making a will, wherein it was stated:

"I demise and bequeath all the estate and effects whatsoever, and wheresoever, both real and personal, to which I may be entitled, or which I may have power to dispose of at my decease, unto my niece, except the sum of $350, which sum I bequeath to Mrs. Edith Elland, absolutely, from Policy No. 9217 and Group Policy No. 3317-R, Aetna Life Insurance Company, of Hartford, Connecticut, for kindness in providing a home for me during my last illness."

The will was made 10 days before the death of the insured. The insurance company had no notice of any intention on the part of the insured to change his beneficiary. The group policy contained the following provision as to change of beneficiary:

"Any employee insured hereunder may by written request designate a new beneficiary as often as desired; such designation to become effective only upon receipt of same at the home office of the company."

And the certificate contained the following provision:

"Each employee is at liberty to name the beneficiary to whom he desires payments to be made under the policy, which beneficiary is subject to change at his signed request at any time as provided in the policy."

In this case we said (pp. 706, 707):

"The general rule appears to be that where the contract outlines a method of changing the bene-

ficiary and the insured had ample time to comply with the contract, an attempted change of beneficiary by will is ineffective. See *Grand Lodge, A.O.U.W., v. Fisk,* 126 Mich. 356. It is also the rule that an unexecuted intention of the insured to change a beneficiary will not be sufficient. *Johnson* v. *Agricultural Life Ins. Co.,* 225 Mich. 331. See, also, *Reed* v. *Metropolitan Life Ins. Co.,* 269 Mich. 26; *Supreme Lodge, Knights of Honor,* v. *Nairn,* 60 Mich. 44.

"But where the insured has done all that is required of him in the manner provided in the policy, and there remains only ministerial acts on the part of the insurance company to complete the change, an abrogated beneficiary has lost all interest under the policy. *Quist* v. *Western & Southern Life Insurance Co.,* 219 Mich. 406."

In the case at bar, the only named beneficiary was Rita Alexander. The fact that her correct name was Rita Sutherland is not a bar to her being named beneficiary, nor was the destruction of the policy by Robert Alexander without notice to the insurance company such an act as amounted to a change of beneficiary. It did not comply with the terms of the policy and the insurance company in making payment of the proceeds of the policy to the beneficiary named therein acted within its legal rights.

The judgment is reversed without a new trial; costs to defendant.

Bushnell, Boyles, Chandler, North, and Butzel, JJ., concurred with Sharpe, C. J. Mc-Allister, J., took no part in this decision.