**METROPOLITAN LIFE INSURANCE COMPANY, a New York Corporation, Plaintiff,**

v.

**Ada E. DANIEL, Rosa Young a/k/a Rosie Young and Shelley Daniel a/k/a Sharon Mollison, Defendants.**

Civ. No. 16942.

United States District Court
E. D. Michigan, S. D.
June 29, 1959.

**380**

Daniel J. Tindall, Jr., and Wellington M. Watters, Detroit, Mich., for plaintiff.

Milton R. Henry, Pontiac, Mich., for Ada E. Daniel.

Elyseo Joaquin Taylor, Chicago, Ill., for Rosa Young.

Robert A. Jenkins, Detroit, Mich., for Sharon Mollison.

O'SULLIVAN, District Judge.

This is an interpleader action. Plaintiff, Metropolitan Life Insurance Company, has deposited in court the sum of $5,000. This represents the amount payable under a group policy upon the life of one Hosea Daniel, an employee of General Motors Corporation, who died on May 16, 1957. Plaintiff insurance company admits liability on the policy and asks that this Court resolve the conflicting claims to said proceeds, made by Ada E. Daniel, wife of deceased, Rosa Young, sister of the deceased, and Sharon Mollison, grand-niece of the deceased, who, if she is the beneficiary of the insurance, was designated in the paper creating her right to such proceeds as Shelley Daniel.

Hosea Daniel, 55 years old and then an employee of General Motors Corporation, on August 11, 1955, applied to be insured under the group insurance plan then in effect whereby Metropolitan Life Insurance Company was insuring, under a group policy, the lives of the employees of General Motors Corporation. In such application, the said Hosea Daniel designated his then wife, Ada E. Daniel, as his beneficiary. On September 1, 1955, a certificate evidencing such insurance was issued, showing the said Ada E. Dan-

iel to be the beneficiary thereof. Prior to March 18, 1957, domestic difficulties had arisen between Hosea Daniel and his wife, Ada E. Daniel. A Bill of Complaint for divorce was filed by said wife against Hosea Daniel on or about March 26, 1957. On March 18, 1957, Hosea Daniel made application, upon the insurance company form, to change his designation of beneficiary under the aforesaid insurance policy from his wife to his sister, Rosa Young. The insurance certificate was sent in to the company and the change of beneficiary from the wife to the sister was endorsed upon the policy. By reason of illness, the said Hosea Daniel discontinued his employment with General Motors Corporation on or about March 26, 1957. He was under a doctor's care during the months of March and April, 1957. On April 19, 1957, presumably considering himself able to return to his employment, he reported to the appropriate office of General Motors Corporation and applied for reinstatement as an employee. Forms used for such purpose were completed and he was reinstated to the status of an employee of General Motors Corporation. On the date of such reinstatement, and in keeping with the established practice of his employer, he executed an application to be insured under the group insurance plan then in force for General Motors Corporation employees. On such form, and in keeping with the requirements for all employees seeking reinstatement, he designated a beneficiary for such insurance. He designated one Shelley Daniel to be his beneficiary, describing her as being of the age of 8 years, her address as 4709 Indiana Avenue, Chicago, Illinois, and specified her relationship to him as "daughter". This form, together with the form evidencing the fact that he had been reinstated as an employee, gave the date of employment as April 19, 1957.

The certificate of insurance which had originally been issued under the group policy in question, with the endorsement of change of beneficiary to Rosa Young, was then in the possession of Rosa Young

in Chicago. It was not sent in to the company prior to the death of Hosea Daniel, nor was any new certificate of insurance issued to Hosea Daniel prior to his death.

Hosea Daniel continued to work until on or about May 3, 1957, and shortly thereafter he went to Chicago, Illinois. He was taken seriously ill, was hospitalized, and died on May 16, 1957.

The defendant Ada E. Daniel, wife of the deceased, bases her claim to the proceeds of the policy upon the ground that no change of beneficiary was ever effective to eliminate her as such; asserting that at the time of the application for change of beneficiary to Rosa Young, and at the time of the application for reemployment by Hosea Daniel, he was mentally incompetent. The defendant Rosa Young bases her claim upon the charge that what was done by the deceased at the time of his reemployment and designation of Shelley Daniel upon his application for insurance was ineffective because, first, if what was done on April 19 was an attempt to change the beneficiary under the policy, it failed of accomplishment because it was not executed upon a change of beneficiary form, the certificate of insurance was never sent in to have such change of beneficiary endorsed thereon, and no endorsement was made; second, that there was no such person as Shelley Daniel, that the deceased had no daughter, and that the deceased did not intend to make defendant Sharon Mollison his beneficiary.

As a background to the Court's Findings of Fact, recited hereinafter, this Court makes the following short review of the evidence:

Hosea Daniel had been married to Ada E. Daniel for many years. There was evidence that domestic difficulties had arisen between Daniel and his wife and that he became very much interested in other ladies. There was some evidence by relatives that for some period of time before the occurrences involved herein he, a man who up to that time had led a rather exemplary life, seemed to become obsessed with the matter of sex and his own capacities in that regard. There was testimony by witnesses descriptive of conduct on his part which led them to the conclusion that he was mentally incapacitated prior to the execution of the instruments involved in the changes made in his insurance contract. For the most part, such evidence was given by persons who were obviously friendly with, and favorable to the claims of, Ada E. Daniel and Rosa Young. During the course of the trial, counsel for these two announced to the Court that they had agreed between themselves to divide the proceeds of the policy should either be found by this Court to be legally entitled to them.

As against the evidence relating to the mental capacity of the deceased, the defendant Sharon Mollison produced three disinterested witnesses. Doctor Harry L. Riggs had professionally attended Hosea Daniel at various times, commencing in the year 1946, and saw the deceased on several occasions during the months of March and April, 1957. He expressed his opinion that the deceased was mentally competent during the months of March and April, 1957, although suffering from illness and some impairment of speech. An attorney of Pontiac, Michigan, Edward Barrett, testified he had represented Hosea Daniel in connection with various matters over a period of about eight years. He estimated he had seen the deceased on twenty or thirty occasions during that period of time. He testified he had talked to the deceased some six or seven times in the year 1957. He represented the deceased in the divorce proceedings instituted by deceased's wife, and had occasion to consult with the deceased during March and April of 1957. The witness Barrett testified he saw no change in the mental capacity of the deceased and described the deceased as being thoroughly competent mentally during the months of March and April while the divorce was pending. Defendant Mollison also called as a witness one Carl Daniel (no relation to the deceased). This witness was an employee of the personnel department of

General Motors Corporation and his particular duties covered hiring new employees and reinstating former employees and attending to the application of such employees for coverage under the company's group insurance plan. He had known Hosea Daniel over some period of time. On April 19, 1957, Hosea Daniel came to his office and discussed with him the matter of reinstatement as an employee of General Motors Corporation. Under direction of the witness Daniel, the deceased executed forms to be reinstated as an employee and to be covered under the insurance plan. The witness testified that Hosea Daniel appeared to him to be fully competent mentally at the time that the application for reinstatement and insurance was executed.

The defendant Sharon Mollison was represented in this litigation by Robert A. Jenkins, appointed as guardian ad litem by this Court. Sharon Mollison was born in 1946, the exact date of her birth not being disclosed by the evidence. She was, accordingly, about 11 years old in 1957. She was the daughter of Ann Mollison, a niece of the deceased Hosea Daniel. Ann Mollison had known her uncle, Hosea Daniel, for approximately thirty years. She testified that the deceased became very attached to her daughter Sharon from the time the daughter was a very young child. She testified that the deceased referred to her daughter Sharon as Shelley and not infrequently referred to her as Shelley Daniel. He referred to Sharon at times as "his baby". He had asked the mother to give the child to him. On various occasions when the deceased Hosea Daniel visited with his relatives in Chicago, he had asked to see Sharon and exhibited great interest in and affection for the child. The child, at his urging, came to visit in the home of the deceased at Pontiac, Michigan, in the year 1954 or 1955. When she returned from the visit, she had acquired new clothing, from which it could be inferred that they were purchased for her by Hosea Daniel. One of the sisters of the deceased was a Chicago resident by the name of Lovie Tan-

ner. Over some period of the life of the child, Sharon spent a lot of time with the witness Tanner and while there, Hosea Daniel visited the home. Sharon's mother testified that on the occasions when Hosea Daniel would come to Chicago the family would gather and Sharon would be present. The mother of Sharon testified that it was generally known in the family that Hosea Daniel referred to Sharon as Shelley and as Shelley Daniel.

Sworn as a witness for Ada E. Daniel and Rosa Young, were James Daniel, brother of the deceased, Georgia Kane, sister, and Lovie Tanner, sister. All of these persons, together with the defendants Ada E. Daniel and Rosa Young testified that they never heard the deceased Hosea Daniel make any reference to Sharon Mollison as Shelley Daniel. The address given as Shelley Daniel's address on the application for group insurance signed by the deceased on April 19, 1957, was 4709 Indiana Avenue, Chicago, Illinois. That address was the address of the deceased's sister Lovie Tanner, where the deceased had seen Sharon on some of his visits to Chicago. He had also seen her at 4711 Indiana Avenue.

This Court is impressed that the deceased Hosea Daniel definitely had in mind the defendant Sharon Mollison when he designated Shelley Daniel as the person to become beneficiary of the policy to be issued to him under the group insurance plan of his employer.

### Findings of Fact

This Court makes the following Findings of Fact:

1) Hosea Daniel was mentally competent to transact business in relation to his insurance with the Metropolitan Life Insurance Company during March and April, 1957;

2) On April 19, 1957, having ceased his employment with General Motors Corporation for a period of time through illness, he applied for reinstatement as an employee of General Motors Corporation;

3) On April 19, 1957, he applied to be insured under the group policy

in force for employees of General Motors Corporation, and became insured as of that date by the Metropolitan Life Insurance Company;

4) On said date he definitely and intentionally designated the defendant Sharon Mollison to be his beneficiary under the insurance on his life with such group insurance policy, designating her in such application as Shelley Daniel, and describing her as his daughter;

5) Sharon Mollison was at the time of the death of Hosea Daniel, the person legally designated as his beneficiary.

### Conclusions of Law

In opposition to the contentions of the defendants Ada E. Daniel and Rosa Young, the defendant Sharon Mollison asserts her claim to the proceeds of the insurance involved upon the following contentions:

A. That she was, in fact, the person intended to be designated as beneficiary of the policy, notwithstanding the wrong description of her both as to name and relationship to the deceased;

B. That, treating the transactions of April 19, 1957, as an attempted change of beneficiary by the deceased, such change of beneficiary was accomplished, notwithstanding the failure to deliver the insurance certificate to the insurance company or the endorsement thereon of a change of beneficiary to the defendant Sharon Mollison; also, that although the application for change of beneficiary was not made upon the usual form for change of beneficiary, it was effective as such;

C. That on April 19, 1957, a new insurance contract was made between the deceased and the Metropolitan Life Insurance Company and that such insurance became effective, notwithstanding the fact that no certificate of insurance was issued to the deceased prior to his death.

This Court's Conclusions of Law will be announced in the order of the above contentions of the defendant Sharon Mollison.

A. *Erroneous description of Sharon Mollison as beneficiary:* Having found as a fact that it was the intention of the deceased, Hosea Daniel, to name defendant Sharon Mollison as beneficiary, it is this Court's conclusion that the giving of erroneous name and the error in referring to her as his daughter does not in any way vitiate the legal effectiveness of his naming Sharon Mollison as beneficiary under the policy. The Court believes that the conclusion in this regard is fully sustained by the following cases decided by the Michigan Supreme Court: Ester v. Prudential Insurance Co. of America, 298 Mich. 330, 299 N.W. 96; Howard v. Chrysler Corporation, 275 Mich. 706, 267 N.W. 585; Metropolitan Life Ins. Co. v. Gray, 290 Mich. 219, 287 N.W. 441; Chrysler Corporation v. Gutt, 293 Mich. 420, 292 N.W. 354, and Chrysler Corporation v. Hardwick, 299 Mich. 696, 1 N.W.2d 43.

B. *Change of beneficiary to Sharon Mollison was legally effective:* The group policy of insurance contained the following provision relating to the procedural steps required to accomplish a change of beneficiary:

"Section 14. Change of Beneficiary—Any employee insured hereunder may, from time to time, change the beneficiary designated in his certificate by filing written notice thereof with the employer accompanied by the certificate of such employee. Upon receipt of such notice and the certificate, the employer shall thereupon endorse such change on the certificate. Such change shall take effect upon endorsement thereof by the employer on such certificate and unless the certificate is so endorsed, the change shall not take effect. After such endorsement, the change shall relate back and take effect as of the date the employee signed said written notice of change, whether or not the employee is liv-

ing at the time of such endorsement, but without prejudice to the Insurance Company on account of any payment made before receipt of such written notice."

■ The defendants Daniel and Young stressed the language of the above section wherein it says that, "unless the certificate is so endorsed, the change shall not take effect". Assuming for this purpose that what was attempted here was a change of beneficiary, this Court concludes that failure to send in the certificate and lack of endorsement thereon of such change, did not prevent the legal accomplishment of a change of beneficiary to defendant Sharon Mollison.

Most authorities have held that the above requirements are for the benefit of the insurer and can be waived. Cases have emphasized that where an insurer files an interpleader, pays money into court, and raises no question of lack of accomplishment of these requirements, such waiver occurs.

Justice Wiest spoke for the Supreme Court of Michigan in the case of Quist v. Western & Southern Life Insurance Co., 219 Mich. 406, 189 N.W. 49, 50, on this subject as follows:

"The obvious purpose of the production of a policy and endorsement thereon of change of beneficiary is to evidence the consent of the insurer to a result accomplished at the request of the insured and to obviate the possibility of conflicting claims. The designation of plaintiff as beneficiary was revoked by the insured, and his estate appointed beneficiary. The insured, as one party to the contract, and the insurer, as the other, could waive endorsement on the policy of change of beneficiary."

It should be noted here that in the Complaint for Interpleader the insurance company in paragraph XI averred,

"Effective April 19, 1957, pursuant to a written request therefor purportedly signed by Hosea Daniel, the beneficiary designated in said Replacement Certificate of Group Insurance Certificate No. 366 16 2994, issued as aforesaid, was 'Shelley Daniel, daughter'"

■ By this, the company clearly indicated that it recognized that designation of Shelley Daniel as beneficiary had been accomplished.

It is important here to note the language of the group policy as quoted above, which provides that after endorsement, the change, "shall relate back and take effect as of the date the employee signed said written notice of change, whether or not the employee is living at the time of such endorsement". Dealing with such a provision, the Supreme Court of Michigan in Harris v. Metropolitan Life Insurance Co., 330 Mich. 24, 46 N. W.2d 448, 449, said:

"It is significant to note, however, that the quoted provisions permit such endorsement after the assured's death, the change thereupon, to relate back to the date of its execution by the assured. This disposes of defendant's argument that the change, to be effective, must be endorsed by the employer on the certificate and its records before assured's death."

Certainly, therefore, in a court of equity where the insurance company immediately gives recognition to the change of beneficiary, to now require the completion of a ministerial act of obtaining the certificate and having it now endorsed would be requiring needless formality.

Without reviewing the particular facts of the cases cited below, or quoting from discussions of opinions, this Court calls attention to the following cases which generally support the conclusion of law now reached by this Court: John Hancock Mutual Life Insurance Co. v. Jedynak, 250 Mich. 88, 229 N.W. 413; Prudential Insurance Co. of America v. Glasgow, 2 Cir., 208 F.2d 908; Mutual Life Insurance Co. of New York v. Illinois Nat. Bank of Springfield, D.C., 34 F. Supp. 206; Grand Lodge A.O.U.W. v. Brown, 160 Mich. 437, 125 N.W. 400.

This Court feels it unnecessary to cite authorities for its conclusion that the form signed by Hosea Daniel on April 19, 1957, did legally qualify as "written notice" of his intention to change his beneficiary, even though not written on the form provided by the company for change of beneficiary. This Court likewise feels it unnecessary to discuss those authorities which have held that failure to send in a certificate for endorsement will not defeat a change of beneficiary where obtaining of said certificate was impossible because a previous beneficiary would not relinquish it or where it is obvious that such certificate would have been withheld had request therefor been made.

■ C. *Application for insurance under group insurance plan made by Hosea Daniel upon his re-employment on April 19, 1957, brought into being a new insurance contract.* Prior to April 19, 1957, Hosea Daniel had discontinued his employment with General Motors Corporation due to illness. On April 19, 1957, he sought to be reinstated as an employee. Section 5 of the group policy provides under title, "Cessation of Insurance":

"The life insurance on any employee insured hereunder shall automatically cease on the last day of the calendar month during which the termination of his employment occurred."

It is further provided in said section:

"In case of absence of an employee from active work because of sickness or injury, his employment, *may*, for the purposes of his life insurance hereunder, be deemed to continue until terminated by the employer * * *".

Under Section 3 of the policy, it is provided under catch line "Effective Dates of Insurance" that:

"An employee may become insured hereunder only by making written request to the employer on forms furnished by the insurance company."

The witness Carl Daniel, a General Motors Corporation employee who had to do with the hiring and reinstating of employees, testified that it was the practice of the company to require employees seeking reinstatement to execute the established forms for reinstatement and application for insurance. Accordingly, on April 19, 1957, Hosea Daniel, at the request of his employer, executed the identical form that he had executed when he first applied for group insurance. This was the form which he executed in 1955 when he designated his wife, Ada E. Daniel, as his beneficiary and which was the basis for issuance of certificate of insurance. This form recited that Hosea Daniel's date of employment was April 19, 1957, and it contained the following:

"I desire to be insured under the Group Insurance Plan underwritten by Metropolitan Life Insurance Company and as described in my employer's announcement (copy of which I have received) and authorize my employer to deduct from my pay my contribution to the cost thereof. This request and authorization applies to any such Plan of Insurance as presently constituted or hereafter changed for which I am or may become eligible and shall continue to apply until revoked by me in writing. Any previous authorization by me for deductions from my pay to cover my contribution to the cost of my coverage under the Group Insurance Plan is hereby revoked."

It appears to this Court that what was done on April 19, 1957, by Hosea Daniel and his employer took the place of any previous contract of insurance and brought into being a new contract whereby Hosea Daniel became insured under the company's group insurance plan. Certainly, Hosea Daniel and the General Motors Corporation, who were accepting this application for insurance for the Metropolitan Life Insurance Company, had the right on that day to make a contract which would take the place of any

contractual obligation theretofore existing. Neither Ada E. Daniel nor Rosa Young had any vested right in the continuance of the contractual obligation that may have been in existence up to that date.

Referring to this, Justice Wiest said in Quist v. Western & Southern Life Insurance Co., supra, 219 Mich. at page 408, 189 N.W. at page 50:

> "As beneficiary under this policy, she had no vested interest, but only a revocable expectancy contingent upon remaining the beneficiary to the time of the death of the insured."

 The fact that the certificate of insurance upon this last application of Hosea Daniel had not issued prior to his death, did not prevent the insurance from becoming in force. The applicable provision of the Michigan Insurance Code, effective April 19, 1957, and relating to group life insurance provides:

> "There shall be a provision that the policy, the application of the employer and the individual applicants, if any, of the employees insured, shall constitute the entire contract between the parties, * * *" C.L. Supp.1956, § 500.4434 (M.S.A. § 24.-14434).

In discussing the above statute and dealing again with a bill of interpleader to determine the rights of beneficiaries under a group life insurance policy, the Supreme Court of Michigan in Chrysler Corp. v. Hardwick, 299 Mich. 696, 1 N.W. 2d 43, 45, stated:

> "The application by the employer, the group policy issued, and the application of the individual employees constitute the entire contract between the parties, 3 C.L.1929, § 12435 (Mich.Stat.Ann. § 24.271), supra. Insurance contracts are subject to statutory regulations and provisions of the statutes must be read into the contract. Galkin v. Lincoln Mutual Casualty Co., 279 Mich. 327, 272 N.W. 694. The certificate issued by the employer to the employee is not a part of a group insurance contract and cannot be relied upon as establishing any contractual rights."

Therefore, without reference to the conclusion of law expressed regarding the effectiveness of change of beneficiary, this Court is of the opinion that in all events what was done on April 19, 1957, brought into being a contract of insurance upon the life of Hosea Daniel, the beneficiary of which was Sharon Mollison, therein described as Shelley Daniel. Upon Hosea Daniel's death, Sharon Mollison became entitled to the proceeds of such policy.

Counsel for defendant Sharon Mollison may prepare a form of judgment in conformity with this opinion and present the same for signature.