HOOTON v. HOOTON.

1. INSURANCE—LIFE INSURANCE—WIFE HAS NO VESTED INTEREST IN HUSBAND'S POLICY AUTHORIZING CHANGE IN BENEFICIARY.

A wife not irrevocably designated as beneficiary in her husband's life insurance policy which authorized a change in beneficiary not irrevocably designated, has no such vested interest therein under Act No. 256, Pub. Acts 1917, that she could not be divested without her consent after she was divorced from the insured, but her interest was subject to the condition that another beneficiary might be substituted.[1]

2. SAME—PAROL ASSIGNMENT OF POLICY NOT SHOWN BY PROOFS.

A wife's claim that her husband, after he had instituted divorce proceedings charging her with extreme and repeated cruelty towards him, made a parol assignment and delivery of the policy to her before he changed the beneficiary therein, held, not sustained by the proofs.[2]

Appeal from Saginaw; Browne (Clarence M.), J. Submitted January 14, 1925. (Docket No. 92.) Decided April 24, 1925. Rehearing denied June 18, 1925.

Bill by Elizabeth Hooton against Robert L. Hooton and others to enjoin the payment to defendants Hooton of the amount of a policy of life insurance, and to compel payment to plaintiff. From a decree for defendants, plaintiff appeals. Affirmed.

*O'Keefe & O'Keefe,* for plaintiff.

*R. L. Crane,* for defendants.

McDONALD, C. J. The plaintiff was the beneficiary in an insurance policy on the life of her husband, Fred Hooton. The purpose of her bill is to restrain the

---

[1]Life Insurance, 37 C. J. § 349; [2]Id., 37 C. J. § 437.
230—Mich.—44.

company from paying the amount of the policy to the defendants Robert L. Hooton and Eleanor Jane Hooton, and to compel payment to her. The defendant the Northwestern Mutual Life Insurance Company interpleaded by cross-bill and paid the proceeds of the policy into court. At the time the policy was issued plaintiff was the wife of the insured, Frederick C. Hooton of Saginaw, Michigan. Subsequently, they were divorced, and when they separated it is the plaintiff's contention that he verbally assigned the insurance policy and delivered it to her. The defendants Robert L. Hooton and Eleanor Jane Hooton are the parents of Frederick C. Hooton. About six months after the alleged parol assignment, the insured changed the beneficiary from the plaintiff, from whom he was then divorced, to his parents, who by virtue of this change in the beneficiary claim to be entitled to the proceeds of the policy.

The policy contained the following reservation as to change of beneficiary:

"And may change any beneficiary or contingent beneficiary not irrevocably designated."

The claim upon which the plaintiff bases her right to a recovery is that as the wife of the insured she was designated beneficiary, and that when the policy was issued she had a vested interest in the proceeds from which she could not be divested without her consent; that the change in beneficiaries was of no effect for the further reason that the procedure prescribed in the policy was not followed, and that in any event she is entitled to the proceeds because the insured made a parol assignment and delivery of the policy to her before the attempted change in beneficiary. At the close of the hearing the circuit judge decreed that the proceeds of the policy belong to defendants Robert L. Hooton and Eleanor Jane Hooton. From the decree entered the plaintiff has appealed.

It is first argued by counsel for the plaintiff that, having been designated as wife in a policy taken out by her husband, her interest as beneficiary became vested the moment it was issued and could not thereafter be divested without her consent.

In support of this contention reliance is had upon the following provision of the statute:

"It shall be lawful for any husband to insure his life for the benefit of his wife  *  *  *  and in case that any money shall become payable under the insurance, the same shall be payable to the person or persons for whose benefit the insurance was procured, his, her or their representatives or assigns, for his, her or their use and benefit, free from all claims of the representatives of such husband or father, or any of his creditors." Act No. 256, Pub. Acts 1917 (Comp. Laws Supp. 1922, § 9100 [168]).

Counsel would be right in their contention as to the effect of the statute were it not for the fact that the policy authorizes a change of the beneficiary, "not irrevocably designated." The plaintiff was not irrevocably designated. Her interest in the benefits of the policy was subject to the condition that another beneficiary might be substituted. As stated by Mr. Justice WIEST in *Quist* v. *Insurance Co.*, 219 Mich. 406:

"As beneficiary under this policy she had no vested interest but only a revocable expectancy contingent upon remaining the beneficiary to the time of the death of the insured."

That the change in beneficiary was of no effect for the further reason that the procedure prescribed in the policy was not followed, is also disposed of in the *Quist Case* adversely to the plaintiff's claim.

The remaining question presented by the record involves purely a question of fact, viz.: Did the insured make a parol assignment and delivery of the policy to the plaintiff before he changed the beneficiary?

The policy was issued on February 14, 1914. The plaintiff and the insured lived together until the 31st of May, 1922, when he filed a bill for divorce. He then went back to his home for some wearing apparel and before leaving the plaintiff says that he delivered the insurance policy to her stating, "I give this to you. It belongs to you." On the 29th of June, 1922, the plaintiff herein filed her answer and cross-bill in the divorce proceedings. On July 21, 1922, the parties settled their property rights in writing, the insured paying to this plaintiff $10,000. No mention was made of the insurance policy. A decree for divorce was granted on July 31, 1922. In December the insured substituted his parents, the defendants Robert L. Hooton and Eleanor Jane Hooton, as beneficiaries in place of the plaintiff. She had possession of the policy and refused to give it up so that the change was not indorsed thereon in accordance with the prescribed procedure. The insured died on the 2d of January, 1923.

The only witness to the alleged parol assignment was a cousin of the plaintiff. It was the opinion of the circuit judge that the testimony of this witness was greatly outweighed by the contradictory circumstances surrounding the transaction. He said:

"Is it consistent with sound reason to believe that the deceased on May 31, 1922, the day upon which he had filed a bill of divorce against his wife, and after he had filed the same charging her with extreme and repeated cruelty toward him, would go to his home and there unsolicited make her a present of the life insurance policy in question and its proceeds, then leave the home, never to return, and never in any manner attempting or seeking a reconciliation? He apparently had no feeling of kindliness toward her, or solicitude for her welfare, and did not know what the outcome of his separation from her would be, or how much he might be required to pay her by order of the court, or by a settlement of the parties. When he thereafter entered into an agreement with her

and paid her $10,000 as permanent alimony for a release of his marital obligations to her, nothing was claimed or said concerning the policy of insurance, although provisions were made regarding the property of both parties. Would it not have been natural for him to have recalled such a gift to her, if it was made, and would she not have put it beyond question by mentioning such a gift in said agreement of settlement? Nothing of such a character appears, but on the contrary, as soon as the divorce was granted or within a reasonable time thereafter, the deceased set about to do a most natural thing, that of changing his beneficiary in this policy from one who was no longer the object of his bounty to those who were.

"Actions sometimes speak louder than words, and the court having seen the witness, Labadie, the cousin of the plaintiff, and heard her testimony, cannot accept the same as true in the light of all the circumstances of this case. She is related to the plaintiff, has resided with her in her home and is naturally interested in seeing the plaintiff successful in this litigation, and her story is not reasonable or consistent in view of all the circumstances in this case, as evidenced by the conduct of the parties and especially the conduct of the insured. * * * The court cannot credit her testimony as true under all the circumstances of this case, and must conclude that the alleged parol assignment or gift of this policy to the plaintiff was an afterthought on the part of the plaintiff who had the policy in her possession; that she wrongfully withheld the same from the insured with the intention to profit thereby in event of the death of insured."

We think it unnecessary to extend this opinion by detailing the circumstances which lead us to the same conclusion as was reached by the circuit judge. We think that he made a correct disposition of the case.

His decree in all respects is affirmed. The defendants Robert L. Hooton and Eleanor Jane Hooton will have costs.

CLARK, BIRD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.