### METROPOLITAN LIFE INS. CO. *v.* GRAY.

1. INSURANCE—GROUP POLICY—CHANGE OF BENEFICIARIES—MENTAL COMPETENCY.

   In insurer's suit interpleading two claimants to fund under group life policy, claim that insured employee was mentally incompetent to effect change of beneficiary *held*, unsupported by record.

2. SAME—CHANGE OF BENEFICIARY—UNDUE INFLUENCE—ILLICIT RELATIONS BETWEEN INSURED AND BENEFICIARY.

   Fact that one insured under group policy was prompted by his friendship, attachment, affection, love or intimate personal relations with woman with whom he was living at time he changed beneficiaries under his certificate from wife with whom he had not been living but from whom he was not divorced *held*, insufficient to establish undue influence in the absence of evidence that such influence compelled him to act against his will so that his free agency was overcome and the will of the new beneficiary substituted for that of his own, the mere fact that the parties were living together illicitly not being sufficient to constitute undue influence or to destroy his free agency.

3. SAME—BENEFICIARY UNDER GROUP POLICY—LEGAL WIFE.

   Fact that beneficiary was not the legal wife of insured does not prevent her from being his beneficiary under a group life policy.

4. SAME—CHANGE OF BENEFICIARY—UNDUE INFLUENCE—EVIDENCE.

   Evidence upon interpleader *held*, insufficient to predicate finding that undue influence upon one insured under group policy was exercised to change beneficiary from wife to woman with whom he lived and cohabited for over a year before his death.

Appeal from Saginaw; O'Neil (James E.), J. Submitted June 9, 1939. (Docket No. 61, Calendar No. 40,528.) Decided September 5, 1939.

Bill of interpleader by Metropolitan Life Insurance Company, a New York corporation, against Annabell Nelson Gray and Eva Baldwin Gray (sometimes known as Eva Baldwin or Ava Baldwin Gray) to determine the defendants' respective rights to the proceeds of an insurance policy, for an injunction and other relief. Cross bills by both defendants to establish ownership to proceeds of insurance policy. Decree for defendant Annabell Nelson Gray. Defendant Eva Baldwin Gray appeals. Reversed.

*Mark T. Davis,* for defendant Annabell Nelson Gray.

*R. M. Van Dyne,* for defendant Eva Baldwin Gray.

Potter, J. Benjamin Gray, an employee of the Chevrolet Grey Iron Foundry division of General Motors Corporation in Saginaw, was in his lifetime insured under a group life policy issued by the Metropolitan Life Insurance Company to General Motors Corporation, in the amount of $2,000.

The application for insurance protection and coverage by Gray, dated May 1, 1933, designated as beneficiary Annabell Gray. May 16, 1934, Gray made a change in the beneficiary of the certificate issued to him from Annabell Gray to Annabell Nelson Gray. And on November 19, 1937, he made a further change in the beneficiary in said certificate from Annabell Nelson Gray to Ava Baldwin Gray, wife. November 19, 1937, duplicate certificate was issued to him. Benjamin Gray died March 21, 1938, and proofs of death were thereafter submitted to plaintiff.

Suit was commenced in the circuit court for the county of Saginaw by Annabell Nelson Gray, plaintiff, against the insurance company, wherein she

claimed the proceeds of such insurance certificate as the beneficiary designated May 16, 1934. Such suit is still pending. Eva Baldwin Gray, or Eva Baldwin, commenced suit against the insurance company in the circuit court for the county of Genesee claiming the proceeds of the insurance certificate as the legally designated beneficiary, having been so designated November 19, 1937, and this suit is now pending.

The insurance company admits its liability under the certificate of insurance issued to Benjamin Gray under its group policy, in the amount of $2,000, and filed a bill of interpleader in the circuit court for the county of Saginaw in chancery, paying the money or tendering the amount of the policy in court, asking the court to determine who was entitled to the proceeds of such policy and that the money be paid to whomsoever the court determined was entitled to the proceeds thereof, and to be discharged from liability.

Eva Baldwin Gray filed an answer in the nature of a cross bill, as did Annabell Nelson Gray, each of said defendants by way of cross bill claiming to be entitled to the proceeds of such insurance policy.

The court entered an order June 9, 1938, that upon the payment of the fund in controversy into court and the filing of the bill of interpleader, the defendants Annabell Nelson Gray and Eva Baldwin Gray interplead and settle the matters in controversy between themselves, and dismissed the insurance company, with its costs to be taxed and paid out of the fund paid into court.

November 22, 1938, the trial court filed an opinion in which he found Annabell Nelson Gray and Benjamin Gray were duly married October 17, 1931, and lived together as husband and wife for more than four years thereafter. There is no claim there was

ever any divorce granted between these parties. For more than a year before his death, Benjamin Gray lived and cohabited with Eva Baldwin Gray, and November 19, 1937, made a change in the beneficiary of his insurance certificate in favor of Ava (Eva) Baldwin Gray whom he designated as his wife.

At the time of his death on March 21, 1938, Annabell Nelson Gray, his widow, and Eva Baldwin Gray, whom the court designates as his mistress, were each in possession of a life insurance certificate on the life of Benjamin Gray, the original held by Annabell showing her to be the beneficiary, and the duplicate original held by Eva Baldwin Gray showing her to be the beneficiary.

At the close of the proofs, the court found the defendant Annabell Nelson Gray had not sustained the burden of proof to show any fraud or misrepresentation were used by Eva Baldwin Gray in inducing Benjamin to make her the beneficiary of the life insurance policy. In an opinion later filed, the court relied upon *Andrews* v. *Lavery,* 159 Mich. 26, and held that that case controlled the situation here involved. Relying upon that case and *Rockafellow* v. *Newcomb,* 57 Ill. 186, the trial court held the change in beneficiary was without effect and that Annabell Nelson Gray, the lawful widow of Benjamin Gray, deceased, was entitled to the proceeds of the policy. Objections were filed to the proposed decree and a motion to reopen the case and grant a rehearing was made and filed. Answer to such objections was made and filed and on December 12, 1938, the court entered a decree in accordance with his opinion. Defendant Eva Baldwin Gray appeals.

There is no serious dispute about the facts involved. Benjamin Gray, deceased, was married to Annabell Nelson Gray in 1931 and never divorced from her. He and Annabell Nelson Gray lived to-

gether for about four years.   During this time she admits she went after him with a gun, that as a result thereof she was arrested, but the record does not show whether she was convicted or not.   The record does show the parties frequently fought, did not get along well together, and eventually separated, and she went to work in a hotel in Bay City while he continued to work in the Grey Iron Foundry of the Chevrolet division of General Motors in Saginaw. After the parties separated, he filed a bill for divorce against her but no decree was ever taken.   After Benjamin and Annabell separated, he went to live with Eva Baldwin, a widow, and continued to live with her until his death.   He changed beneficiaries in his policy from Annabell Nelson Gray to Ava (Eva) Baldwin Gray.   Annabell Nelson Gray was sworn as a witness in her own behalf and the record is more or less unsatisfactory because her material testimony was taken under the objection it was equally within the knowledge of the deceased.*   The trial court, however, indicated on various occasions that certain testimony should be segregated in order that all of the testimony might be before this court upon the final disposition of the case if it should be appealed.   At the conclusion of the testimony of Annabell Nelson Gray, counsel for Eva moved to dismiss her cross bill as unsustained by the proof.   This motion was not ruled upon but held by the trial court, whereupon counsel for Eva moved to strike out the testimony of Annabell as being equally within the knowledge of the deceased and also moved to strike out all of the hearsay testimony of other witnesses permitted to go into the record as segregated testimony.   This motion was granted.   The trial court said:

---

* See 3 Comp. Laws 1929, § 14219 (Stat. Ann. § 27.914).—REPORTER.

"If this record goes to the Supreme Court, they will have the entire record before them. Fully advised on it. My feeling however, gentlemen, is that most of the testimony we have had in this case has been incompetent and irrelevant, and it is barred. Much of the testimony of Annabell Nelson Gray is barred by the statute which prohibits her from testifying to what is equally within the knowledge of her deceased husband. The record may remain as it is for the purposes of review, gentlemen, but the court is inclined to agree with the motion of Mr. Van Dyne, that such testimony is incompetent and should not be considered here."

While the cross bill of Annabell Nelson Gray attacks the change of beneficiaries as having been made by Benjamin when he was mentally incompetent to make the same, we think this branch of the case is wholly unsupported by testimony or other proof. The only question is, whether defendant Annabell Nelson Gray established that undue influence had been exercised by Eva over Benjamin to such an extent as to vitiate his act in changing beneficiaries.

The record shows there was reason for his separating from Annabell Nelson Gray and for filing the bill for divorce. He had lived with Eva for a year and a half and during this time had made her the beneficiary of the policy of insurance. No witnesses were produced who were present at the time this change in beneficiaries was made. The court at the conclusion of the testimony said:

"Nothing has been shown here to change, vacate that change in beneficiary unless there is some law to the effect that it is impossible for a woman in the condition Eva was in, her relationship with Benjamin, cannot be beneficiary. If the change is valid, Eva is entitled to this money. * * * If the change is invalid, false, then it would seem the old policy

comes into force. In that case Annabell Nelson Gray would be entitled to the money.''

After briefs were filed, the court held in favor of Annabell Nelson Gray.

The testimony indicates that Benjamin was a strong, able-bodied man weighing about 180 pounds, more or less independent in his character, who drank frequently but worked for many years in the Chevrolet Grey Iron Foundry division of the General Motors Corporation in Saginaw as a cupola tender. There is no testimony he was not, at the time this change in beneficiaries was made, in normal condition mentally and physically and there is no testimony it was made while he was intoxicated. The fact that Benjamin was prompted by his friendship, attachment, affection, love or intimate personal relations with Eva to make the change of beneficiaries which he did is not sufficient to establish undue influence, in the absence of proof, that such influence compelled him to act against his will, so that his free agency was overcome and the will of Eva to become the beneficiary of the policy substituted for that of Benjamin. The mere fact that Benjamin and Eva lived together illicitly under the circumstances is not sufficient to constitute undue influence or to destroy the free agency of Benjamin.

''The fact that she was not his legal wife does not prevent her from being the beneficiary under this policy.'' *Howard* v. *Chrysler Corporation,* 275 Mich. 706.

We find no convincing testimony upon which to predicate a finding of undue influence and certainly proof of undue influence has not been established by a preponderance of the evidence. We think the trial court was right in his statement at the conclusion of the testimony.

Decree of the trial court reversed, without costs. Decree will be entered sustaining the change of beneficiaries.

Butzel, C. J., and Wiest, Bushnell, Sharpe, Chandler, North, and McAllister, JJ., concurred.