## WILSON v. PERDUE

1. INSURANCE—LIFE INSURANCE—BENEFICIARY—RIGHT TO PROCEEDS
   —NATURE OF INTEREST.
   Whether the estate of the beneficiary of a life insurance policy
   who predeceases the insured is entitled to the proceeds of the
   :policy depends on the nature of the beneficiary's interest in
   the policy before his death.

2. INSURANCE—LIFE INSURANCE—BENEFICIARY—NATURE OF INTER-
   EST.
   The beneficiary of a life insurance policy, including the wife of
   the insured if she is the one named, has no vested right in

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 29A Am Jur, Insurance § 1648.
[2, 3] 29A Am Jur, Insurance §§ 1631, 1632, 1638, 1640.

a life insurance policy in which the insured has reserved the right to change the beneficiary, but has only a revocable expectancy contingent upon remaining the beneficiary until the death of the insured.

3. INSURANCE—LIFE INSURANCE—BENEFICIARY—NATURE OF INTEREST—RIGHT TO PROCEEDS.

A beneficiary of a life insurance policy who has only a revocable expectancy contingent on remaining the beneficiary until the death of the insured loses all his rights under the policy if he predeceases the insured, and in this event the proceeds of the policy go to the estate of the insured, if no other beneficiary is named.

Appeal from Wayne, Benjamin D. Burdick, J. Submitted Division 1 November 13, 1968, at Detroit. (Docket No. 4,037.)  Decided February 25, 1969.

Complaint by Pauline Wilson, administratrix of the estate of Thelma Baines, deceased, against Andrew W. Perdue, administrator of the estate of George Baines, deceased, and United Insurance Company of America, an Illinois corporation, to recover the proceeds of an insurance policy on the life of George Baines.  Summary judgment for plaintiff. Defendant appeals.  Reversed.

*Cassese & Batchelder,* for plaintiff.

*Andrew W. Perdue,* administrator, *in propria persona.*

BEFORE: LESINSKI, C. J., and J. H. GILLIS and BEER,* JJ.

J. H. GILLIS, J.   George Baines purchased a $1,000 life insurance policy and named his wife, Thelma Baines, as sole beneficiary.  The policy provided that

---

* Circuit Judge, sitting on the Court of Appeals by assignment.

he could change beneficiaries at any time by following the specified procedure of notification to the company. Thelma Baines, the named beneficiary, died in 1963. George did not change the beneficiary named on the policy and he died in 1965. Both the estate of the beneficiary and the estate of the insured now claim the proceeds of the insurance.

The trial court rendered a summary judgment for plaintiff, thereby awarding the proceeds to the beneficiary's estate. In so holding, the trial court reasoned as follows:

"I find that while the assured had a right to change the beneficiary any time during his lifetime, whether the beneficiary was alive or dead, he failed to take advantage of it. * * *

"It is to be presumed that the deceased assured did not intend to change the beneficiary, and such rights as the beneficiary obtained at the time she was named, passed to her estate upon the death of the assured without such change. * * *

"It is my opinion that the rule is that when a beneficiary in a policy is named, there is divestiture reserved in that in this policy the assured could have changed his beneficiary. He had such a right, but he did not exercise his right to change the beneficiary, and the beneficiary having died prior to the assured, her rights vested and passed to her representatives upon the death of the assured.

"*Mr. Perdue:* Your Honor, did you say that the decedent did not have a right to change the beneficiary?

"*The Court:* He did have the right, but did not exercise it.

"And, therefore, it is my opinion that this is exactly what he wanted to happen. I must accept the fact that he knew who his beneficiary was on the policy, and that if he died, the beneficiary who had predeceased him, not being there to accept the funds,

it would go to her estate, her representatives. This he intended, according to the manner in which I have checked the law, and I must arrive at that decision.

"There are some states which go one way at it and other states go another way with reference to vested interest. I think I am not called upon to determine whether the interest was vested in the beneficiary at the time the policy was taken out and in which she was named beneficiary. But I do say that at the time of the beneficiary's death, up to the death of the assured, no change had been made, and the policy was then vested in her heirs-at-law."

In our opinion, the finding of the trial court is not supported by the better rule of law and we reverse.

Whether the beneficiary's estate is entitled to the proceeds depends on the nature of the interest of the beneficiary in this insurance policy prior to her death. In Michigan, it is firmly established that a beneficiary, including the wife of the insured if she is the one named, has no vested right in a life insurance policy in which the insured has reserved the right to change the beneficiary, but, in such event, has only a revocable expectancy contingent upon remaining the beneficiary until the death of the insured. See *Quist* v. *Western & Southern Life Insurance Co.* (1922), 219 Mich 406; *Hooton* v. *Hooton* (1925), 230 Mich 689; *New York Life Insurance Co.* v. *Cook* (1927), 237 Mich 303; *Candler* v. *Donaldson* (CA6 1959), 272 F2d 374.

The question, therefore, is what becomes of the revocable expectancy of a sole beneficiary who predeceases the insured. As stated in 29A Am Jur, Insurance, § 1648:

"The effect of the death of a beneficiary before the insured upon the rights to the proceeds of a life insurance policy is dependent in the main upon the absolute or conditional nature of the beneficiary's

interest, and upon the existence or nonexistence of statutory or of policy provisions in relation to such a contingency and in relation to substitute or other beneficiaries.    *    *    *

"[T]he position has been taken, although not without dispute, that in the case of a policy reserving to the insured the right to change the beneficiary, the rights of the beneficiary cease on his death during the lifetime of the insured. If, under a life insurance policy permitting a change of beneficiary, a beneficiary's interest is terminated by his death before the death of the insured and no other beneficiary is designated to take that interest, the interest has been deemed to revert as a lapsed trust to the legal representative of the insured."

Similarly,

"Where the beneficiary does not have a vested interest at the time of his death, his estate or legal representatives or heirs or next of kin, derive no interest from or through him, but the right to the proceeds passes to the estate of insured.

"Where the interest of the beneficiary is conditioned on surviving insured, and he does not so survive, the legal representatives of such beneficiary are not entitled to the proceeds." 46 CJS, Insurance, § 1170.

In *Robbins* v. *Prudential Insurance Company of America* (ND Fla, 1958), 168 F Supp 668, 669, the general rule was expressed as follows:

"Unquestionably, the law is clear that [the beneficiary's] interest in the policy was a mere expectancy subject to a defeasance in the event she died before the insured. She was only a contingent beneficiary, and her death occurring before that of the insured, all rights to her and to her estate were extinguished."

Compare, however, the following minority view:

"While the general rule elsewhere is that the beneficiary of an ordinary life insurance policy acquires a vested and absolute interest therein, not subject to divestment without his consent, only where there is no reservation of the right to effect a change of beneficiary, and that where such right is reserved, the designated beneficiary has a mere expectancy, and no interest therein which can be assigned until it becomes absolute by the death of the insured * * * in this state it seems to be the accepted rule that, notwithstanding the reservation of the right to change the beneficiary, the interest of the designated beneficiary in such a policy is a vested property right, payable if he survives the insured, which can be divested only by a change of beneficiary in the mode and manner prescribed by the contract." *Metropolitan Life Ins. Co.* v. *Woolf* (1946), 138 NJE 450 (47 A2d 340, 342, 343).

The interest of the beneficiary in this case was a mere expectancy, contingent upon her surviving the insured. We adhere to the rule that she acquired no vested interest as a result of the designation to which anyone could succeed upon her death. It is usually considered to be the intent of the insurer and the insured that the beneficiary must survive the insured in order for any claim to the proceeds to be predicated upon such designation. See 2A Appleman, Insurance Law and Practice, § 1121. In cases such as this, therefore, such proceeds are payable to the insured's estate. 2A Appleman, *supra*, § 1122.

Such a result may not follow, for example, where there is no right reserved in the insured to change the beneficiary or where the beneficiary may have a vested interest in the policy. See, *e.g.*, *Voss* v. *Connecticut Mutual Life Insurance Co.* (1899), 119 Mich 161; *Germania Life Insurance Co.* v. *Wirtz* (1917), 196 Mich 145. But in this case, the better result is

to award the proceeds to the estate of the insured. The inferences that may be drawn from the insured's failure to name a new beneficiary, with respect to the insured's intent as to the disposition of the proceeds of the policy, are, to our minds, equiponderant. The rule we adopt, however, is supported by the likelihood that a person would prefer the insurance proceeds to go to his own heirs-at-law rather than to those of the beneficiary. We are also mindful of the practical benefit of avoiding the problems of reopening a beneficiary's estate which may have been closed for a considerable period of time.

Furthermore, the rule is favored by the great weight of authority in this country. The one Michigan case we have found that is precisely in point speaks strongly for the rule, albeit in dicta:

"Lorey E. Lyon (beneficiary) having died before Francis M. (insured), the contract became impossible of performance. Her death terminated all contingent interest which she may have had under the certificate. She had no interest or estate previous to his death that she could assign or devise, and there was no estate or interest which could descend to her heirs, or vest in her personal representatives." *Michigan Mutual Benefit Association* v. *Rolfe* (1889), 76 Mich 146, 153.

Reversed and remanded for entry of summary judgment in favor of defendant. Costs to appellant.

All concurred.