## LEAGUE LIFE INSURANCE COMPANY v WHITE

Docket No. 74157. Submitted April 11, 1984, at Detroit.—Decided July 9, 1984.

League Life Insurance Company insured the life of Lester Sanders under a group life insurance policy. Upon his death the proceeds were claimed by Dorothy White, the named beneficiary, and Christine Sanders, the decedent's widow. League Life brought an interpleader action for a determination of the proper beneficiary. League Life paid the proceeds of the policy into the court for deposit and was then dismissed. Each of the defendants thereafter filed a cross-complaint asserting that she was the rightful owner of the insurance proceeds. The Wayne Circuit Court, Henry J. Szymanski, J., granted summary judgment in favor of Dorothy White, the named beneficiary. Christine Sanders appealed. Held:

1. There are no disputed issues of material fact. The named beneficiary of a policy is generally entitled to receive the proceeds therefrom. The fact that the named beneficiary is someone other than the legal spouse of the insured does not ipso facto affect the right of the beneficiary to the proceeds. Since the appellant was never a named beneficiary on the policy, she did not have even a revocable expectancy in the proceeds. The court's grant of summary judgment was proper.

2. Appellant's argument that the proceeds of a life insurance policy purchased during the marriage are automatically marital property is without merit.

3. Appellant's allegations of fraud are unsupported by any specific facts and fail to state a claim of fraud against the appellee.

Affirmed.

1. Appeal — Summary Judgment — No Genuine Question of Fact.

A summary judgment granted for lack of a genuine question of

References for Points in Headnotes

[1] 5 Am Jur 2d, Appeal and Error § 853.

[2-5] 44 Am Jur 2d, Insurance § 1850.

[4] 44 Am Jur 2d, Insurance §§ 1712, 1750, 1751, 1848.

[6] 37 Am Jur 2d, Fraud and Deceit § 424.

material fact is reviewed by considering whether there is a genuine dispute as to any material issue of fact and will be affirmed only where no factual development could possibly justify recovery by the non-moving party (GCR 1963, 117.2[3]).

2. INSURANCE — LIFE INSURANCE — NAMED BENEFICIARY.

The named beneficiary of a life insurance policy will generally be entitled to receive the proceeds of the policy upon the death of the insured.

3. INSURANCE — LIFE INSURANCE — NAMED BENEFICIARY.

The right of a named beneficiary who is not the legal spouse of the insured to collect the proceeds of a life insurance policy is not ipso facto affected by the facts that the insured was married at the time the policy was issued and that the policy was paid for with money earned by the insured during the marriage.

4. INSURANCE — LIFE INSURANCE — NAMED BENEFICIARY — EXPECTANCY.

The interest of a named beneficiary in the proceeds of a life insurance policy, including that of the spouse of the insured, is merely a revocable expectancy rather than a vested right as long as the insured reserves the right to change the beneficiary.

5. INSURANCE — LIFE INSURANCE — MARITAL ASSETS.

There is no precedent for a holding that the proceeds of a life insurance policy purchased during a marriage are automatically marital assets with rights of ownership.

6. PLEADING — FRAUD — SPECIFICITY OF PLEADING.

A plaintiff alleging fraud must plead with specificity the facts supporting the claim of fraud (GCR 1963, 112.1).

*Temple & Cutler* (by *Donald M. Cutler*), for appellee White.

*Rosenbaum, Bloom, Appel & Moses, P.C.* (by *Leslie D. Bloom*), for appellant Sanders.

Before: HOOD, P.J., and M. J. KELLY and R. C. LIVO,* JJ.

M. J. KELLY, J. On May 9, 1983, plaintiff filed

* Circuit judge, sitting on the Court of Appeals by assignment.

this interpleader action under GCR 1963, 210.1, to determine the proper beneficiary of a $10,000 life insurance policy purchased by Lester Sanders. Named as defendants were Dorothy White and Christine Sanders, both of whom had asserted a claim to the proceeds. The trial court granted plaintiff's interpleader motion for dismissal on the condition that plaintiff first pay $10,000 to the court for deposit in an interest bearing account. GCR 1963, 210.2. The court then ordered each defendant to pay one-half of plaintiff's attorney fees of $150.

Christine Sanders (appellant) then filed a cross-complaint against Dorothy White (appellee) alleging that she was the rightful owner of the insurance proceeds. Appellee also filed a cross-complaint against appellant, claiming ownership of the funds as named beneficiary. The trial court subsequently granted appellee's motion for summary judgment, from which appellant now appeals as of right. We affirm.

The trial court's grant of summary judgment will be reviewed under GCR 1963, 117.2(3), inasmuch as the court determined as a matter of law that appellee was the proper recipient of the $10,-000. In reviewing an order of summary judgment under this subrule, we consider whether there is a genuine dispute as to any material issue of fact and affirm only where no factual development could possibly justify recovery by the non-moving party. *Anderson v Kemper Ins Co,* 128 Mich App 249, 252-253; 340 NW2d 87 (1983).

We find no dispute of material fact in the instant case. Lester and Christine Sanders were married on September 5, 1953, and continued living together as husband and wife from that time until Lester's death on March 16, 1983, at the

age of 49 years. Four children were born to the marriage, all of whom had reached the age of majority at the time of Lester's death. Christine Sanders worked outside the home during much of the marriage and all of her earnings were used for the benefit of the family.

On October 16, 1981, plaintiff issued a group life insurance policy to Lester Sanders (the decedent). The premiums for the policy were deducted from the decedent's wages by his employer, Budd Corporation. On the date the policy was issued, decedent named appellee as beneficiary on the policy. Appellant alleges in her complaint that she had always assumed that she was the named beneficiary of any life insurance policy taken out by the decedent and was never informed to the contrary.

Following the decedent's death, appellant learned that appellee had been named as beneficiary on the insurance policy. Appellee was listed on the policy as a friend of the decedent. Appellant notified plaintiff of her claim to the insurance proceeds, thus prompting plaintiff to file this interpleader action.

The principles governing resolution of this case are clear, time tested and binding on this Court as they emanate from the Michigan Supreme Court. The named beneficiary of a life insurance policy will generally be entitled to receive the proceeds upon the death of the insured. *Metropolitan Life Ins Co v Gray,* 290 Mich 219; 287 NW 441 (1939). The fact that the insured is married at the time the policy is issued, the fact that the policy is purchased with monies earned by the insured as wages during the marriage and the fact that the named beneficiary is not the legal spouse of the insured do not, ipso facto, affect the right of the named beneficiary to collect the proceeds. *Howard*

*v Chrysler Corp,* 275 Mich 706, 711; 267 NW 585 (1936). See also 44 Am Jur 2d, Insurance, § 1751, pp 732-733. Even where a spouse is named as the original beneficiary under a life insurance policy, that spouse's interest in the proceeds is merely a revocable expectancy rather than a vested right so long as the insured reserves the right to change the beneficiary. *Wilson v Perdue,* 16 Mich App 80, 83; 167 NW2d 851 (1969). See also 44 Am Jur 2d, Insurance, § 1712, pp 695-696. Thus, according to the undisputed facts of this case and the above stated principles of law, appellant has no interest in the insurance proceeds in this case and in fact never had even a revocable expectancy in the proceeds since she was never named as beneficiary on the policy. We therefore affirm the trial court's grant of summary judgment in favor of the appellee.

Appellant's arguments in support of her theory that she possessed a vested right to the insurance proceeds are unpersuasive. The fact that the insurance policy was purchased with money earned by the decedent during the marriage is not dispositive. First, the life insurance policy purchased by the decedent-husband in *Howard, supra,* was also purchased with money earned by him during the marriage. The proceeds were nevertheless distributed to the named beneficiary, a woman who was living with the decedent at the time of his death. Additionally, however, and even assuming that we could properly distinguish *Howard* from this case on the ground that the decedent continually cohabited with appellant, maintaining a single household, appellant fails to cite and we do not find any Michigan case holding that proceeds of life insurance policies purchased during a marriage are automatically marital assets—the property of both—with ownership rights.

Finally, appellant's reliance on *MacDonald v Conservative Life Ins Co of Wheeling, West Virginia,* 292 Mich 182; 290 NW 372 (1940), in support of her vested right argument is misplaced. In *MacDonald,* plaintiff and the insured had entered into a formal contract whereby the insured promised to name plaintiff as a beneficiary to life insurance proceeds in the amount of $3,000 in return for providing housekeeper and nursing services. The Supreme Court held that the insured's change of beneficiary in favor of a woman with whom he subsequently resided breached the terms of the contract. In this case, appellant does not claim on appeal nor did she allege in her complaint the existence of any contract between herself and the insured as to the provision of life insurance protection.

We also affirm the trial court's grant of summary judgment on the ground that appellant has failed to come forth with any facts that would support her claim that appellee fraudulently induced the decedent to name her as beneficiary on the policy. In support of her claim of fraud, appellant alleges that appellee knew that decedent was married and cohabited with appellant, knew that the policy was purchased with money earned by the decedent during the marriage, and knew that appellant had no knowledge that appellee had been named as beneficiary on decedent's policy. Even assuming these facts to be true, they simply have no bearing on whether appellee fraudulently induced the decedent to include her as named beneficiary.

Appellant states in her complaint that "any consideration offered by defendant, Dorothy White, in exchange for the benefits of said insurance policy, would have been illicit in nature and con-

trary to public policy of this state" and "that the said Dorothy White employed improper influences in luring decedent into naming her as beneficiary". These allegations are unspecific and conclusory in nature and fail to adequately state a claim of fraud against the appellee. GCR 1963, 112.2. Moreover, appellant has failed to come forth with any facts or evidence, either by affidavit or deposition, supporting these allegations. We thus find no error in the trial court's grant of summary judgment or in its refusal to allow appellant an opportunity to amend her cross-complaint. GCR 1963, 118.

Affirmed.